IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KYMBERLY K. BENDER<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY<br>    Defendant. | No. 4:13-cv-04039-JEH |

**ORDER**

Now before the Court is the Plaintiff Kymberly K. Bender's Motion for EAJA Fees (Doc. 25). The Motion is fully briefed. For the reasons stated herein, the Motion is GRANTED.

**I**

The Plaintiff filed her Complaint (Doc. 1) on April 19, 2013 seeking review of the final decision of the Commissioner denying her claim for Disability benefits pursuant to 42 USC § 405(g). On June 25, 2014, the parties filed a Joint Motion for Entry of Judgment with Remand Under Sentence Four of 42 USC § 405(g) (Doc. 22), which the Court granted and entered its Order of Remand Under Sentence Four of 42 USC § 405(g) (Doc. 23) on June 26, 2014. The Plaintiff now seeks attorney fees as the "prevailing party" pursuant to 28 USC § 2412(d)(1)(B) in the amount of $5,675.00.[1] In her Response to the Plaintiff's Motion for EAJA Fees, the Commissioner does not dispute that the Plaintiff is the prevailing party in this

---

[1] The Court notes that on the first page of the Plaintiff's Motion for EAJA Fees, she requests attorney fees in the amount of $3,862.42 based upon 21.2 hours. (Doc. 25 at p. 1). However, in her Memorandum in Support of Motion EAJA Fees with Supporting Itemization, she requests attorney fees in the amount of $5,675.00 based upon 22.7 hours. (Doc. 25-1 at p. 5). It is clear that the latter amount is the amount she seeks given the attached Exhibit 1, Itemization of Hours, which indicates 22.7 hours at $250 per hour. (Doc. 25-2).

1

action, nor does the Commissioner dispute that the Government's position was not substantially justified. Instead, the Commissioner takes issue with the amount of attorney fees that the Plaintiff seeks, arguing that she has failed to show that she is entitled to an attorney rate of $250 per hour.

## II

[28 USC § 2412(d)(1)(B)](#) provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

[28 USC § 2412(d)(2)(A)](#) provides, in relevant part, that "fees and other expenses" in [Section 2412(d)(1)(B)](#) include:

> [R]easonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, the Plaintiff argues that an upward adjustment of attorney fees is warranted because a special factor justifies the higher fee of $250 per hour, namely, that the Plaintiff's attorney, Andrew M. Larson, devotes a substantial portion of his practice to Social Security Disability law and the Laffey Matrix shows that Attorney Larson

should be charging between $309 and $380 per hour. As the Court explained in its August 21, 2014 Text Order, the Laffey Matrix Explanatory Notes expressly state that, "The matrix does **not** apply in cases in which the hourly rate is limited by statute. *See* 28 USC § 2412(d)." See (Doc. 26-1) n 1 (emphasis supplied).

Accordingly, the Court will *not* consider the Laffey Matrix in determining whether the EAJA fees the Plaintiff seeks beyond the $125 per hour cap are justified under Section 2412(d)(2)(A). Nonetheless, Attorney Larson did provide his own Affidavit (Doc. 25-3) as well as the Affidavit of Attorney Thad Murphy (Doc. 28) in support of Attorney Larson's request for attorney fees at $250 per hour. Attorney Larson's Affidavit provides that he regularly practices in Federal Courts in the Southern District of Iowa and the Central District of Illinois, and that he routinely charges $250 per hour for work in several areas of law. Similarly, Attorney Murphy's Affidavit provides that he practices in Federal Courts in the Northern District of Iowa, Southern District of Iowa, and the Central District of Illinois, and that his office now charges $225[2] for work in Federal Court on Social Security disability matters.

The limited-availability special factor applies "if a plaintiff can show that a particular kind of case requires for competent counsel someone from among a small class of specialists who are available only for more than $125 per hour . . . ." Mathews-Sheets v Astrue, 653 F3d 560, 564 (7th Cir 2011), quoting Atlantic Fish Spotters Association v Daley, 205 F3d 488, 492 (1st Cir 2000). The Plaintiff also explains many experienced attorneys refer federal court cases to her attorney due to the complicated nature of Social Security disability cases. The provided Affidavits and representations made in the Plaintiff's Memorandum sufficiently show that the case currently before the Court requires competent counsel from among a small class of specialists who are available only for more than $125 per hour. The Plaintiff is

---

[2] Though not specified in the Affidavit, the Court presumes that the $225 amount represents an hourly amount charged for Social Security disability matters by Attorney Murphy's office.

therefore eligible to receive an award of attorney fees under Section 2412(d)(1)(B) of the EAJA. However, that award of EAJA fees is subject to Government offset to satisfy a pre-existing debt, if any exists, that the Plaintiff owes the United States. See *Astrue v Ratliff*, 560 US 586, 589 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States"). If there are no pre-existing debts that the Plaintiff owes the United States, the attorney fees awarded in this Order shall be paid directly to the Plaintiff's counsel.

## III

For the reasons set forth above, the Plaintiff's Motion for EAJA Fees is GRANTED (Doc. 25), and the Plaintiff is awarded attorney fees under Section 2412(d)(1)(B) of the EAJA in the amount of $5,675.00 payable directly to her counsel *only if* there are no pre-existing debts that the Plaintiff owes the United States. If the Plaintiff does have pre-existing debts owed to the United States, her EAJA attorney fee award is subject to a Government offset to satisfy the pre-existing debts.

Entered on September 17, 2014

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE